IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FIFTH THIRD BANK, | ) | CASE NO. 1:17-CV-00236 |
| | ) | |
| Plaintiff, | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| B&Z AUTO ENTERPRISES, LLC, | ) | |
| dba RIVERDALE CHRYSLER JEEP, | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Now comes the Defendant, B&Z Auto Enterprises, LLC dba Riverdale Chrysler Jeep, and for its Answer to the Plaintiff's Complaint, states as follows:

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant denies for want of knowledge the allegations in paragraph 3 of the Complaint

4. Defendant denies for want of knowledge the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits the Dealer Agreement speaks for itself, but denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint as far as they insinuate that B&Z breached the Dealer Agreement.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant denies for want of knowledge the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant denies for want of knowledge the allegations in paragraph 14 of the Complaint.

15. Defendant denies for want of knowledge the allegations in paragraph 15 of the Complaint

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies for want of knowledge the allegations in paragraph 17 of the Complaint.

18. Defendant denies for want of knowledge the allegations in paragraph 18 of the Complaint.

19. Defendant denies for want of knowledge the allegations in paragraph 19 of the Complaint.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant denies for want of knowledge the allegations in paragraph 21 of the Complaint.

22. Defendant incorporates by reference the above paragraphs as if fully restated.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant admits the Dealer Agreement speaks for itself, but denies the remaining allegations contained in paragraph 29 of the Complaint

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies for want of knowledge the allegations in paragraph 31 of the Complaint.

32. Defendant admits the allegations in paragraph 32 of the Complaint.

33. Defendant denies for want of knowledge the allegations in paragraph 33 of the Complaint.

34. Defendant incorporates by reference the above paragraphs as if fully restated.

35. Defendant denies for want of knowledge the allegations in paragraph 35 of the Complaint.

36. Defendant denies for want of knowledge the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant incorporates by reference the above paragraphs as if fully restated.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to mitigate its damages, if any.

2. Plaintiff's claims may be barred in whole or in part by the Doctrine of Laches.

3. Plaintiff's claims may be barred in whole or in part by Plaintiff's own actions and/or inactions.

4. Plaintiff's Complaint is barred by Ohio Rules of Civil Procedure 19 and 19.1, in that all known and necessary parties to the transaction have not been named as Defendants.

5. Plaintiff's claims may be barred in whole or in part due to its own negligence.

6. Plaintiff's claims may be barred in whole or in part by the actions of third parties over which the answering Defendant has no control and no right to control.

7. Plaintiff's claims may be barred in whole or in part by virtue of the doctrines of waiver and/or estoppel.

8. Plaintiff's injuries were the result of intervening and/or superseding actions of independent third parties/persons not under this answering Defendant's control.

9. Plaintiff's claims may be barred in whole or in part by comparative negligence.

10. Pursuant to Civil Rule 12(B)(6), Plaintiff's Complaint fails to state a claim upon which relief may be granted.

11. Plaintiff's claims may be barred in whole or in part by virtue of the doctrine of unclean hands.

12. Defendant has not breached any duty, if any, owed to Plaintiff, under the facts alleged in the Complaint.

13. Plaintiff's claims are barred by the economic loss doctrine.

## ADDITIONAL AFFIRMATIVE DEFENSES

14. This answering Defendant reserves the right to assert any additional affirmative defenses that may become evident during the course of discovery in this action.

15. Moreover, this answering Defendant reserves the right to assert any Counterclaim, Cross Claim, and/or Third Party Claim that may become evident during the course of discovery in this action.

WHEREFORE, having fully answered, Defendant B&Z Auto Enterprises, LLC d/b/a Riverdale Chrysler Jeep respectfully requests this Court to dismiss Plaintiff's Complaint, with prejudice, with all costs to be borne by Plaintiff and to award Defendant its costs and fees, including attorneys' fees incurred in defense of the Complaint, together with any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Robert A. Poklar*
ROBERT A. POKLAR (0015685)
*rpoklar@westonhurd.com*
MATTHEW C. MILLER (0084977)
*mmiller@westonhurd.com*
**Weston Hurd LLP**
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH  44114-1862
(216) 241-6602 / (216) 621-8369 (fax)
*Attorney for Defendant B&Z Auto Enterprises, L.L.C. d/b/a Riverdale Chrysler Jeep*

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues triable thereto.

*/s/ Robert A. Poklar*
ROBERT A. POKLAR (0015685)

## **Certificate of Service**

A copy of the foregoing **ANSWER** was sent via the Court's electronic filing system this 17th day of July, 2017 to the following:

>*/s/ Robert A. Poklar*
>ROBERT A. POKLAR