UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| **FIFTH THIRD BANK,** | CASE NO. 1:17-CV-00236-TSB |
| Plaintiff, | (District Judge Timothy S. Black) |
| v. | |
| **B&Z AUTO ENTERPRISES, LLC d/b/a RIVERDALE CHRYSLER JEEP,** | **RULE 26(f) REPORT OF THE PARTIES** |
| Defendant. | |

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **Friday, August 4, 2017** and was attended by:

   __**Nathan H. Blaske, Esq.**__, counsel for Plaintiff __**Fifth Third Bank**__

   __**Matthew C. Miller, Esq.**__, counsel for Defendant __**B&Z Auto Enterprises, LLC d/b/a Riverdale Chrysler Jeep**__

2. The parties:

   _____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable)

   __XX__ will exchange such disclosures by __**September 1, 2017**__

   _____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E)

3. The parties:

   _____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

   __XX__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

   _____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filings of Motions directed to the pleadings:
   **September 29, 2017**

5. Recommended cut-off date for any Motion to Amend the pleadings and/or to additional add additional parties:   **October 13, 2017**

6. Recommended discovery plan:

    a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

       **Plaintiff's discovery in this case should be limited. Any discovery sought by Plaintiff will relate to (1) communications between Defendant and the individual who sought to purchase the subject vehicle from Defendant; (2) any documents or information held and/or maintained by Defendant in connection with the sale/purchase of the subject vehicle; and (3) information concerning Defendant's employees and/or agents who were involved with the sale/purchase of the subject vehicle.**

       **Defendant's discovery should likewise be limited. Defendant will likely seek Plaintiff's internal communications regarding the subject transaction and policy. Discovery will also include a deposition of Plaintiff's corporate representative.**

    b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 40 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

       **The parties have no changes at this time.**

    c. Additional recommended limitations on discovery:

       **The parties have no recommendations at this time.**

    d. Recommended date for disclosure of lay witnesses.

       **October 20, 2017**

e.  Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2):

**The parties do not anticipate the retention of expert witnesses at this time, but reserve the right to retain expert witnesses as necessary.**

f.  Recommended date for disclosure and report of Plaintiff's expert(s):

**December 15, 2017**

g.  Recommended date for disclosure and report of Defendant's expert(s):

**January 12, 2017**

h.  Recommended date for disclosure and report of rebuttal expert(s):

**February 9, 2018**

i.  Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

**XX**   Yes

_____   No

i.  The parties have electronically stored information in the following formats:

**Plaintiff and Defendant have electronically stored information in the following formats: TIF, PDF and/or JPG.**

ii.  The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

**None anticipated at this time.**

3

j. Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

**XX**   Yes

_____   No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

**None anticipated at this time.**

ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?

_____   Yes

_____   No

**XX**   Yes, and the parties ask that the Court include their agreement in an order.

**The Parties will submit an Agreed Protective Order for the Court's consideration, which will include a claw-back provision to address inadvertently disclosed materials.**

7. Recommended discovery cut-off date:        **March 9, 2018**

8. Recommended dispositive motion date:        **April 13, 2018**

9. Recommended date for status conference (if any):        **March 15, 2018**

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

**The parties suggest that a settlement conference be scheduled before a U.S. Magistrate Judge within the next 90 days.**

11. Recommended Date for a final pretrial conference:        **May 31, 2018**

12. Has a settlement demand been made?   **No**     A response?   **No**

   Date by which a settlement demand can be made:   **September 8, 2017**

   Date by which a response can be made:   **September 22, 2017**


13. Other matters pertinent to scheduling or management of this litigation:

   **None at this time.**


Respectfully submitted:


Attorney for Plaintiff(s):                    Attorney for Defendant(s):

/s/ *Nathan H. Blaske*                        /s/ *Matthew C. Miller*
Ohio Bar Number 0076460                       Ohio Bar Number 0084977
Graydon Head & Ritchey LLP                    Weston Hurd LLP
Trial Attorney for Plaintiff                  Trial Attorney for Defendant


7769813.1